IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>**Plaintiff**<br><br>v.<br><br>EDDIE TORRES CONCEPCION,<br><br>**Defendant(s)** | **CRIMINAL NO.** 06-270(JAG) |

**MEMORANDUM AND ORDER**

GARCIA-GREGORY, D.J.

Defendant Eddie Torres Concepcion ("defendant")-- a state law enforcement officer-- is charged in a two count Indictment with falsely assuming and pretending to be an officer and employee of the United States in violation of 18 U.S.C. § 912 and 2, and with interfering with commerce by threat or violence in violation of 18 U.S.C. § 1951 and 2. Specifically, the defendant stands accused of impersonating a federal officer and fraudulently obtaining $40,000.00 from a citizen by reporting that the monies were being seized as part of a federal money laundering investigation.

On February 26th, 2007, the defendant filed a "Motion to Suppress Identification by Photo Array and Latent Prints," alleging that his identification by Luis Pantojas Moreto ("the victim"), through a photo layout was impermissibly suggestive. (Docket No. 44). The defendant further claims that the identification was unreliable under the factors set forth in Neil v. Biggers, 409 U.S.

Criminal No. 06-270 (JAG)                                              2

188 (1972). <u>Id.</u>  The defendant also moved for the suppression of the fingerprints collected by the law enforcement agents from a Customs Form 6051 that was in the possession of the victim the day of the events, arguing that "other circuits have... struck down convictions based solely on fingerprints obtained from movable items." <u>Id.</u>

The Motion was referred to Magistrate-Judge Camille Velez-Rive who, on June 21st, 2007, issued a Report and Recommendation (R&R) to deny the motion to suppress. (Docket No. 58). The Magistrate-Judge found that based "upon the evidence developed at the hearing before the undersigned, credibility determinations of the testimony of the only witness presented, who was not impeached or contradicted by defendant's submissions, there was no indicia of suggestive identification during the photo line-up proceedings." <u>Id.</u>, at 12. Although this finding was sufficient to dispose of the issue, the Magistrate-Judge, "in an abundance of caution," conducted an analysis under the factors established in <u>Biggers</u>, and found that "the identification in the instant case would also be considered reliable." <u>Id.</u>  The Magistrate-Judge also concluded that the arguments advanced by the defendant against the use of his fingerprints as evidence is inapposite because the case law in which the defendant relies on deals with cases where the only evidence against the defendant were the fingerprints.

The defendant filed objections to the Report and Recommendation on July 6th, 2007. (Docket No. 59).

Criminal No. 06-270 (JAG)                                              3

**STANDARD OF REVIEW**

A. <u>Standard for Reviewing a Magistrate-Judge's Report and Recommendation</u>

A District Court may, on its own motion, refer a pending motion to a U.S. Magistrate-Judge for a Report and Recommendation. <u>See</u> 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Local Rule 72(a). Pursuant to Fed.R.Civ.P. 72(b) and Local Rule 72(d), the adversely affected party may contest the Magistrate-Judge's Report and Recommendation by filing written objections "[w]ithin ten days of being served" with a copy of the order. <u>See</u> 28 U.S.C. § 636(b)(1). Since defendant has filed timely objections to the Magistrate-Judge's Report and Recommendation, the Court shall make a <u>de</u> <u>novo</u> determination of those portions of the report or specified proposed findings or recommendations to which specific objection is made. <u>See</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 673 (1980); <u>Lopez v. Chater</u>, 8 F.Supp.2d 152, 154 (D.P.R. 1998).

**DISCUSSION**

The defendant objects to the R&R because the evidence allegedly shows that the photo array was unduly suggestive. He further avers that, all things considered, the identification was unreliable. Defendant also objects to the Magistrate-Judge's recommendation not to suppress the incriminating fingerprints collected by the law enforcement agents from the Customs Form 6051. The Court will address each objection in turn.

Criminal No. 06-270 (JAG)                                                              4

1. <u>Photo Line Up</u>

The defendant alleges that the photo identification procedure was impermissibly suggestive for two main reasons. First, defendant contends that "there was no impediment or impairment to require the [defendant] to be present in a line-up," and that the agents resorted to the photo array "without any explanation." (Docket No. 59 at 7). Second, defendant objects to the use of a photo display consisting only of six pictures--as established by the guidelines of the Immigration and Customs Enforcement Office of Professional Responsibility-- and urges the Court to apply instead the nine photograph requirement of Rule 252.2 of the Puerto Rico Rules of Criminal Procedure. Upon <u>de</u> <u>novo</u> review, the Court finds that the objections are misplaced.

The First Circuit has consistently held that "identification evidence--identifications made before trial and in the courtroom--should be suppressed as a matter of due process 'only in extraordinary cases.'" <u>United States v. Holliday</u>, 457 F.3d 121, 125 (1st Cir. 2006); <u>United States v. Henderson</u>, 320 F.3d 92, 100 (1st Cir. 2003)(Out-of-court identification evidence routinely is admitted in federal courts. See Fed.R.Evid. 801(d)(1)(C)). When identification evidence is suppressed, it is "primarily to avoid an unfair trial." <u>United States v. Bouthout</u>, 878 F.2d 1506, 1516 (1st Cir. 1989). An out-of-court identification based on a photo array must be suppressed as a matter of due process "only if the

Criminal No. 06-270 (JAG)                                               5

photographic identification procedure was so impermissibly suggestive as to give rise to a 'very substantial likelihood of misidentification.'" Biggers, 409 U.S. at 197.

Both as to pretrial identifications and in-court identifications, the analysis applied by the First Circuit takes two steps. First, the Court looks to whether there was anything impermissibly suggestive about the identification procedure. Second, "if there was impermissible suggestiveness," the Court looks "to decide whether the identification itself was reliable under the totality of the circumstances." Manson v. Brathwaite, 432 U.S. 98, 110 (1977); Henderson, 320 F.3d at 100. A photo array's suggestiveness normally is evaluated by determining whether it "so far as practicable include[d] a reasonable number of persons similar to any person then suspected whose likeness is included in the array." Model Code of Pre-Arraignment Procedure, § 160.2(2) (1975); see also Manson, 432 U.S. at 117; Holliday, 457 F.3d at 126.

In this case, the Court has reviewed the photo array shown to the victim, and finds that the same is not impermissibly suggestive, as it illustrates the photos of six persons of similar appearance and attire (police uniform), where no particular individual stands out. Also, all the photos were of the same size, in color, from the collar up, and its presentation to the victim was preceded by the pertinent instructions.[1] Furthermore, as correctly pointed out by

---

[1] See Docket No. 58 at 5.

Criminal No. 06-270 (JAG)                                                6

the Magistrate-Judge, "the individuals in the six (6) photographs bear a remarkable resemblance to each other." (Docket No. 58 at 14).

The defendant, on the other hand, fails to cite any authority in support of his contention that the defendant must invariably be unavailable for a line-up in order for an identification by photo to take place, or for his proposition that the nine-photograph requirement of the Puerto Rico Rules of Criminal Procedure must control in this case. The First Circuit case law only requires that the array include "so far as practicable... a reasonable number of persons similar to any person then suspected whose likeness is included in the array." Thus, there is no exhaustion of methods requirement, and the number of photographs shown to the witness is just a factor to consider in determining suggestiveness and reliability.[2]

---

[2] The Supreme Court stated as much in <u>Manson</u> where, in allowing the identification of the defendant through the presentation of a single photo to the witness, unequivocally held that
> [o]f course, it would have been better had [the agent] presented [the witness] with a photographic array including "so far as practicable... a reasonable number of persons similar to any person then suspected whose likeness is included in the array." The use of that procedure would have enhanced the force of the identification at trial and would have avoided the risk that the evidence would be excluded as unreliable. But we are not disposed to view [the agent's] failure as one of constitutional dimension to be enforced by a rigorous and unbending exclusionary rule. The defect, if there be one, goes to weight and not to the substance.

Criminal No. 06-270 (JAG)                                            7

Consequently, the Court adopts the Magistrate-Judge's finding that the identification of defendant through a photo array was not impermissibly suggestive.[3]

### 2. Fingerprints

The defendant also argues that the Magistrate-Judge erred in not recommending the suppression of the fingerprints taken from Customs Form 6051. Relying on case law from the Fourth, Sixth and Ninth Circuits, the defendant maintains that "the probative value of a suspect's fingerprints upon a readily movable object is highly questionable, unless it can be shown that such prints could have been impressed only during the commission of the crime." See e.g. Mikes v. Borg, 947 F.2d 353, 356-57, 360-61 (9th Cir. 1991); United States v. Anderson, 611 F.2d 504 (4th Cir. 1979); United States v. Van Fossen, 460 F.2d 38 (4th Cir. 1972); United States v. Collon, 426 F.2d 939, 942 (6th Cir. 1970).

Upon de novo review, the Court finds that the defendant's objection lacks merit. As the Magistrate-Judge correctly pointed out, the case law cited by the defendant deals with situations where

---

[3] Although the finding of no suggestiveness makes it unnecessary for the Court to engage in a Biggers analysis, the Court nonetheless finds, upon de novo review, that the Magistrate-Judge correctly concluded that the identification was reliable under the totality of the circumstances. (Docket No. 58 at pp. 12-16). The Court particularly finds that the defendant fails to support his contention that the mere passage of nine months, per se, makes the identification unreliable. In Biggers, for instance, the identification took place seven months after the events and nonetheless was found to be reliable. Hence, absent proof that the photo identification was otherwise unreliable, the mere passage of time, in and of itself, cannot serve as basis for the exclusion of identification evidence.

Criminal No. 06-270 (JAG)                                                   8

the <u>only</u> evidence against the suspect were the fingerprints. However, in this case the evidence against the defendant also includes statements from the victim, testimony by other witnesses and toll records analysis.

Moreover, the Magistrate-Judge found that the defendant could not produce credible evidence to challenge the chain of custody of the documents in question, to impeach the agent's testimony that those documents were in possession of the victim the day the crime occurred, nor to disprove the government's theory that the fingerprints could only have been impressed in those documents during the commission of the crime.

Since the defendant does not rebut the foregoing conclusions, the Court must adopt the Magistrate-Judge's recommendation on this score.

## CONCLUSION

For the reasons elucidated above, the Court **ADOPTS** the R&R in its entirety and, accordingly, **DENIES** the Motion to Suppress.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 29th day of August, 2007.

<u>S/Jay A. Garcia-Gregory</u>
JAY A. GARCIA-GREGORY
United States District Judge